John D. Bennett, J.
Compromise of the actions for wrongful death and personal injuries with the entire proceeds to be allocated to the wrongful death recovery in the amount of $67,929.20 is approved.
The fee for the attorneys is fixed in the amount of $20,220.44 inclusive of any and all disbursements and statutory costs awarded by the trial court.
The petition sets forth that there are no claims outstanding against the estate and that the funeral and medical bills have been paid. In the jury verdict in this action the petitioner was awarded reimbursement of the funeral and medical expenses in the amount of $2,510.40 and such reimbursement is approved. The petitioner waives any statutory right to commissions.
*420 Compensation of the guardian ad litem is fixed in the amount of $300.
Decedent was survived by both parents; however, his father died intestate on July 20,1972, prior to the trial and jury verdict in the wrongful death action.
The petitioner and guardian ad litem differ in their opinions as to the distribution of the recovery between the petitioner and the decedent’s post-deceased father. "Whereas subdivision 6 of section 133 of the former Decedent Estate Law specifically excluded any ¡allocation from wrongful death proceeds to the estate of a parent who died before the verdict or settlement pf the death action, EPTL 5-4.4 is silent as to allocation between the surviving and post-deceased parents. However, the case law is clear that a “ property right ” inures to the estate of a parent who survives the wrongful death of his child but dies prior to the verdict or settlement of the action resulting from such wrongful death (Sider v. General Elee. Co., 238 N. Y. 64). The value of that property right is the pecuniary injury suffered by the post-deceased parent during the period measured from the date of death of the child to the subsequent date of death of the parent bút before the verdict or settlement in the action resulting from the child’s wrongful death (Dibble v. Whipple, 281 N. Y. 247; Matter of Ray, 208 Misc. 617; Matter of Reynolds, 115 N. Y. S. 2d 534).
The pecuniary loss to the surviving parent is the reasonable expectation of future assistance or support if the child’s life had continued (Loetsch v. New York City Omnibus Corp., 291 N. Y. 308, 310) as measured by the surviving parent’s life expectancy or actual lifetime if determined prior to the verdict or settlement in the death action (Matter of Saper, N. Y. L. J., Aug. 3, 1971, p. 11, col. 7 [Clancy, S.]; Matter of Morales, N. Y. L. J., March 30, 1973, p. 17, col. 5 [Gelfand, S.]; Matter of Amiano, N. Y. L. J., June 29, 1973, p. 12, col. 5 [Gelfand, S.]).
The allocation of the wrongful death recovery between decedent’s surviving mother and the estate of his post-deceased father follows the formula described in Matter of Kaiser (198 Misc. 582). Decedent’s father survived him by 2.73 years and his mother, who was 38 years of age at the time of his death, had a life expectancy of 39.4 years. Accordingly, the estate of decedent’s father shall receive 6.48% of the balance of the wrongful death recovery of $44,898.36 or $2,909.41, and the petitioner shall receive 93.52% of the balance or $41,988.95.
*421 Since the petition alleges that there are no outstanding claims against the father’s estate, there will he no necessity to administer his small estate. The entire amount is accordingly directed to be paid to the petitioner who is entitled to the first $1,000 s an exemption (EPTL 5-3.1) and the first $2,000 of personal!/ as part of her distributive share (EPTL 4-1.1, subd. [a], par. [1]).