*31 OPINION OF THE COURT
Hancock, Jr., J.
EPTL 5-4.3 specifies that the measure of damages awarded in a wrongful death action should be the "fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought”. The section also provides that "[i]nterest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be a part of the total sum awarded”.
In these appeals, defendants raise two issues of first impression pertaining to the addition of interest to the amounts awarded in wrongful death actions:
(1) whether EPTL 5-4.3 requires that preverdict interest (i.e., from the date of death to the date of the award) should be added to an award for pecuniary losses to be incurred in the future, when the award for such future losses is not discounted back to a time earlier than the time of the award; and
(2) whether preverdict interest under EPTL 5-4.3 should be calculated on the entire sum awarded for past accrued pecuniary losses from the date of death, or by calculating interest either on each item of damage from the date it was incurred or on all of such damages from some reasonable intermediate date, as prescribed in CPLR 5001 (b).
 For reasons to be explained, we hold: (1) that no preverdict interest should be added to an award for postverdict losses if the award has not been discounted to a time prior to the award; and (2) that preverdict interest on an award for past losses that have accrued from the date of death to the date of the verdict should be calculated under the method in CPLR 5001 (b). Thus, in each appeal there should be a reversal and a recalculation of the interest added to the judgment pursuant to EPTL 5-4.3, in accordance with this opinion.
I.
In these wrongful death actions, plaintiffs have recovered damages in jury trials both for past losses from the dates of decedents’ deaths to the dates of the verdicts and for future losses to be incurred subsequent to the dates of the verdicts.
(A) Milbrandt v Green Refractories Co. arises out of an *32 industrial accident which occurred on January 19,1974. Plaintiffs decedent, a millwright, was killed instantly when a furnace on which he was working exploded. The lawsuit was brought by his administratrix in 1975 against various parties including defendant, an insulation manufacturer. In the first trial, held in October 1985, the jury could not agree and a mistrial resulted. The second trial ended on October 24, 1988 in a verdict of $619,000, comprised of two separate awards: (1) $432,000 for past pecuniary losses, including the portion of decedent’s earnings he would have applied to the care and support of his wife and children from his death on January 19, 1974 to the date of the verdict; and (2) $187,000 for what decedent would, in the future, have contributed to the care and support of his family considering, inter alia, his age and work expectancy and the number of years until his children reached their majority.
With respect to the postverdict losses, the court instructed the jury to discount the damages by reducing the award to its cash value on the day of the verdict by applying an interest rate equal to the rate of return to be expected from reasonably safe investments. Defendant took no exception to this instruction. The court denied defendant’s request that the court discount the award pursuant to CPLR 4111 (f) rather than instructing the jury to do it.[1]
Supreme Court entered judgment for plaintiff, including $677,270 in interest on the $619,000 principal award com *33 puted from the date of death. Defendant objected, inter alia, to the attachment of preverdict interest to the future damages and the computation of preverdict interest on the total past damages from the date of death. The Appellate Division unanimously affirmed the judgment (167 AD2d 991). The court held that EPTL 5-4.3 provides for interest on the "principal sum recovered” without "distinguishing between prejudgment and postjudgment losses of future income (Soulier v Hughes, 119 AD2d 951, 954)” (Milbrandt v Green Refractories Co., 167 AD2d 845, 845-846). Although acknowledging the merit of the contrary holding of the Second Circuit in Woodling v Garrett Corp. (813 F2d 543 [2d Cir 1987]), the Appellate Division expressly declined to follow that decision. It concluded that any inequity which might result from its interpretation of EPTL 5-4.3 was "a matter for the Legislature and not for the courts” (167 AD2d, at 846). Defendant has appealed by our leave from the Appellate Division order.
(B) In Schmertz v Presbyterian Hosp., plaintiff administratrix commenced an action in 1977 against defendant hospital, a physician, and a nurse to recover damages for the wrongful death of her husband on July 23, 1975. The case came on for trial before a jury in January 1990. After the complaint against the nurse had been dismissed, the jury rendered a verdict on February 7, 1990 against the hospital and the doctor in the total amount of $5,050,000. The verdict consisted of a $4,000,000 award for loss of inheritance and awards of $500,000 to two of decedent’s children and $50,000 to a third child, for loss of parental guidance.
The $4,000,000 award compensated plaintiff for the loss of the increase in the decedent’s estate due to his premature death in 1975 — i.e., the additional amount that his wife and children could expect to receive in inheritance upon decedent’s death in the year 2003 assuming that he continued to live for his full life expectancy. The $4,000,000 was thus compensation for a loss to be sustained 13 years in the future. The $50,000 parental guidance award to decedent’s daughter, Nancy — who was to reach her majority two years after decedent’s death — was entirely for a preverdict loss. The $500,000 separate awards to decedent’s other children, Ronnie and Jane, however, represented both past and future losses:[2] from *34 decedent’s death on July 23, 1975 to the date of the verdict on February 9, 1990; and, from that date until the end of decedent’s expected life in 2003.
The jury was presented with the opinion of plaintiff’s expert, an economist, who discounted the future damages to the date of the verdict. The trial court, however, did not instruct the jury to discount the future damage awards or to make any adjustments in those awards to reflect the effect of interest. Thus, it is clear that the jury awards, if discounted at all, were discounted only to the date of the verdict, and not earlier.
In its postverdict, prejudgment motion, defendant hospital objected to the inclusion of any preverdict interest on the loss of inheritance award and on so much of the loss of parental guidance awards as represented future losses. It also objected to the calculation of the interest added to the past parental guidance awards as being computed on the total amount of such awards from the date of decedent’s death. The trial court denied defendant hospital’s motion in all respects. Judgment was entered containing interest of $5,714,075, as computed by the clerk, on total damages of $5,050,000 from the date of decedent’s death, July 23, 1975, to the date of the verdict on February 9, 1990. The Appellate Division unanimously affirmed, citing the decision of the Appellate Division in Milbrandt v Green Refractories Co. (supra), and specifically rejecting the opposite view of the Second Circuit Court of Appeals in Woodling v Garrett Corp. (supra). Defendant hospital has appealed by leave of the Appellate Division.
II.
Defendants in both Milbrandt and Schmertz contend that adding preverdict interest to an award for postverdict damages is contrary to the express purpose of wrongful death damages under EPTL 5-4.3: i.e., to provide "fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought” (id. [emphasis added]).[3] Defendants point out that *35 when an amount intended to compensate for a future loss is discounted back to a particular time, the discounted amount represents the sum which, if invested at that time at reasonable rates of return, would theoretically produce the intended amount at the future time when the loss is incurred. When, as with the awards in the cases before us, an intended amount is not discounted to the date of death, but only to the date of the verdict, the award includes the return that would be earned on the principal from the date of death to the date of the verdict. The effect of adding interest to such an award pursuant to EPTL 5-4.3 is to pay again to the plaintiff the return which is already included in the award. This double recovery of interest, according to defendants, cannot constitute "fair and just compensation for the pecuniary injuries” (EPTL 5-4.3 [a]), and, indeed, the addition of such interest would not be compensation at all but a windfall for plaintiff and a punitive sanction on defendant, in conflict with the statute’s intent. We agree with defendants that the statutory purpose of EPTL 5-4.3 prohibits the addition of preverdict interest on postverdict damages not discounted to the date of death.
Our construction of the statute excluding double recovery of interest is consistent with the settled doctrine that the goal of damages in a wrongful death action is to compensate the decedent’s distributees for no more than their pecuniary loss (see, Parilis v Feinstein, 49 NY2d 984, 985; Rosenfeld v Isaacs, 79 AD2d 630, 630-631; Shu-Tao Lin v McDonnell Douglas Corp., 742 F2d 45, 51-52 [2d Cir 1984]). The inclusion of such unearned windfall interest is, of course, the antithesis of compensation (see, Esquire Radio & Elecs, v Montgomery Ward & Co., 804 F2d 787, 796 [2d Cir 1986]; see also, Hartford Acc. & Indem. Co. v Village of Hempstead, 48 NY2d 218, 226).
Plaintiffs, however, observe that EPTL 5-4.3, on its face, does not distinguish between interest calculated upon preverdict damages and postverdict damages and requires that "[i]nterest upon the principal sum recovered by the plaintiff * * * shall be added to and be a part of the total sum awarded” (emphasis added). They argue that this statutory language should be given a literal construction and that the statute thus requires that preverdict interest be added, regardless of *36 whether the award is discounted to the date of the verdict or to the date of decedent’s death. But adopting this construction would permit awards under the statute to depend entirely upon caprice — i.e., whether the court happened to discount the future damages to the date of the award or back to the date of death. If the former, the plaintiff would get a double recovery of interest; if the latter, one recovery.
It is an accepted doctrine that a literal reading of a statute should, where possible, be avoided if it produces an absurd or unjust result (see, Zappone v Home Ins. Co., 55 NY2d 131, 137). Here, the section can easily be construed to circumvent the unfair and arbitrary effects that could result from the adoption of plaintiffs’ construction (see, Matter of Long Is. Pine Barrens Socy. v Planning Bd., 78 NY2d 608): i.e., by reading the direction for the addition of interest in its context with the rest of EPTL 5-4.3 and giving that direction its intended effect, so that the total of the principal and the added interest provides "fair and just compensation for the pecuniary injuries resulting from the decedent’s death” (EPTL 5-4.3 [a]). The statutory term "principal sum”, if given its natural meaning consistent with the sense of the statute, is simply the discounted sum without any included interest — i.e., discounted to the date of death. If, as in the cases before us, the damages are discounted only to the date of verdict, then that award already includes interest on the principal sum from the date of death to the date of verdict, and additional interest is a windfall. Our construction of "principal sum” avoids this anomaly and furthers the basic policy underlying EPTL 5-4.3.
Our conclusion that no preverdict interest should be added to an award for future damages when the award is only discounted back to the date of the verdict is consistent with the decisions of the Second Circuit Court of Appeals in Woodling v Garrett Corp. (supra) and Shu-Tao Lin v McDonnell Douglas Corp. (supra).
Accordingly, in Milbrandt v Green Refractories Co. no preverdict interest should be added to the future loss award. Similarly, in Schmertz v Presbyterian Hosp.: (1) preverdict interest on the loss of inheritance award should be eliminated; and (2) interest on the loss of parental guidance awards to Ronnie and Jane Schmertz should be prorated between preverdict and postverdict portions and interest on that part of *37 those awards reflecting postverdict losses should be eliminated.[4]
Ill
Defendants argue that the addition of interest calculated on the total amount of the preverdict awards from the date of decedent’s death is also contrary to the express intent of EPTL 5-4.3 that wrongful death awards should "be fair and just compensation for the pecuniary injuries resulting from the decedent’s death”. Again, we agree.
When losses are ongoing and spread over the period from the date of decedent’s death to the date of the verdict, the damages may be viewed as resulting from a series of discrete losses occurring after decedent’s death. If interest is computed as though the losses all occurred simultaneously at the time of decedent’s death — interest is necessarily included for damages which have not yet been sustained. These amounts obviously do not represent interest earned on compensation for losses actually incurred and, if added, are a pure windfall. Their inclusion, just as with the inclusion of preverdict interest on nondiscounted future damages, subverts the underlying rationale for damages in EPTL 5-4.3 (see, Parilis v Feinstein, supra, at 985).
As with an award for future losses, EPTL 5.4-3 should be construed, if possible, so as to avoid the unfair imposition of a windfall, contrary to the legislative intent (see, Matter of Long Is. Pine Barrens Socy. v Planning Bd., supra; Zappone v Home Ins. Co., supra; and discussion, part II, supra, at 36). To avoid such a construction, we conclude that, with respect to a past loss, "[i]nterest upon the principal sum recovered” means interest computed from the time that the particular loss is sustained upon which the interest becomes due.
We agree with the Second Circuit Court of Appeals in Woodling (supra, at 561) that the procedure to be followed in computing preverdict interest on past losses incurred at discrete times from the date of death until the date of the verdict should be that in CPLR 5001 (b) — i.e., by calculating the interest "upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate *38 date” (id.).[5] Thus, the interest on the preverdict losses in Milbrandt and on the award for preverdict portions of the parental guidance awards in Schmertz should be recalculated in accordance with CPLR 5001 (b).
IV
Defendant in Milbrandt also contends — in its appeal addressed to the merits of the lawsuit — that the complaint should be dismissed, as a matter of law, upon the ground that defendant had no duty to warn plaintiff of the dangers of using the insulation. Failing that, defendant argues that there should be a reversal and a new trial because of trial errors including the court’s refusal to admit certain evidence and improper conduct by plaintiff’s counsel. We find no basis for reversal of the judgment in these or other arguments advanced.
Accordingly, in each action, the order should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion. In Schmertz, the certified question should not be answered as unnecessary.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
In Milbrandt v Green Refractories Co.: Order reversed, with costs, and case remitted to Supreme Court, Erie County for further proceedings in accordance with the opinion herein.
In Schmertz v Presbyterian Hosp. in City of N. Y.: Order reversed, with costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein. Certified question not answered as unnecessary.

. Because the action was commenced in 1975, prior to the effective date of CPLR 4111 (f) (L 1986, ch 682, § 7, eff July 30, 1986 and applicable to actions commenced on or after such date [ch 682, § 12]), that section is inapplicable. Inasmuch as a trial of the action was commenced in 1985, the subsequent amendment giving retroactive operation to rule 4111 (f) so as to apply to actions commenced prior to 1986 is of no effect (see, L 1988, ch 184, § 20; see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 51).
Defendant challenges the court’s jury charge on the ground that it inadequately instructed the jury to omit from its future loss award any amounts representing what the decedent would use for his personal consumption. The contention lacks merit. The court instructed the jury that in calculating future pecuniary losses, they were to include only amounts that would be used to support decedent’s wife and children.
The defendant also complains that the court erred in admitting expert testimony on the addition of an "investment factor” which could have caused the jury to inflate the award. We find no basis for reversal in this contention. No mention was made of the addition of such "investment factor” in either the charge to the jury or in summations, and the court’s charge to the jury on discounting the future award effectively cured any possible confusion.

. In its charge to the jury, the trial court noted that ordinarily, no claim for loss of parental guidance can be made once a child reaches the age of 21. Ronnie and Jane Schmertz, however, were exceptions to this rule *34 because of their mental and physical disabilities and were entitled to parental guidance for the 13 years remaining of their father’s expected life.

. EPTL 5-4.3 (a) in pertinent part provides:
"The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for *35 the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought * * * Interest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be a part of the total sum awarded.”

. As part of its alternative relief requested in its March 26, 1990 letter to Justice Gammerman, defendant requested that the interest be prorated between the pretrial and posttrial losses.

. The financial expectancies constituting the basis of recovery in wrongful death actions are property rights inuring to the survivors of the decedent (see, Dibble v Whipple, 281 NY 247; Sider v General Elec. Co., 238 NY 64; Matter of Gary, 79 Misc 2d 419). Thus, the use of the CPLR 5001 (b) procedure, which expressly covers actions for interference with property rights (see, CPLR 5001 [a]), is appropriate in calculating interest in wrongful death actions (see, Woodling v Garrett Corp., 813 F2d 543, 561; Siegel, 1967 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5001,1992 Supp Pamph, at 517).