**NU–LIFE CONSTRUCTION CORP. and Terminate Control Corp., Plaintiffs,**

v.

**BOARD OF EDUCATION OF THE CITY OF NEW YORK, Stuart Horowitz, Stanley Dobrowolski, John Trapanotto, John Frisone and Nicholas E. Borg, Defendants.**

No. CV–86–0807 (ADS).

United States District Court, E.D. New York.

March 16, 1992.

Kantrowitz & Goldhamer, P.C., Chestnut Ridge, (Gary Graifman, of counsel), for plaintiffs.

O. Peter Sherwood, Corp. Counsel, New York City, by John P. Woods, James Joyce, Susan Finkenberg, for defendants Board of Educ. of City of New York, Stuart Horowitz, John Frisone and Nicholas E. Borg.

Peltz, Walker & Dubinsky, New York City (Eliot R. Clauss, of counsel), for defendant John Trapanotto.

Stanley Dobrowolski, pro se.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

In this civil case brought pursuant to the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1961 *et seq.* ("RICO"), after approximately ten weeks of trial, a jury returned a verdict in favor of the plaintiff Nu–Life Construction Corp. ("Nu–Life") against defendants John Trapanotto and Stanley Dobrowolski. The jury also rendered a verdict in favor of the defendant Board of Education of the City of New York (the "Board") on its breach of contract counterclaim against the plaintiff Terminate Control Corp. ("Terminate").

After the verdict had been rendered and the jury was polled and discharged, the Court granted the motions of the plaintiff Nu-life for treble damages and attorney's fees, as provided for by the terms of 18 U.S.C. § 1964(c).

Nu-life and the Board then moved for prejudgment interest on the amount of their respective jury awards. The issue presented is whether the Court should award prejudgment interest on the RICO recovery.

## DISCUSSION

*Prejudgment Interest in the Federal District Court*

■ The RICO statute is silent on the subject of prejudgment interest. However, as Nu–Life correctly pointed out, generally, in the federal judicial system, awards of prejudgment interest are discretionary with the trial court (*see City of New York v. Rapgal Assocs.,* 703 F.Supp. 284, 288 [S.D.N.Y.1989] ["whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts"] *quoting Waterside Ocean Navigation Co., Inc. v. International Navigation Ltd.,* 737 F.2d 150, 153–54 [2d Cir.1984]).

Recently, in *Wickham Contracting Co., Inc v. Local Union No. 3, Int. Bro. of Elec. Workers, AFL–CIO,* 955 F.2d 831 (2d Cir.1992), in a comprehensive discussion, the Second Circuit analyzed the factors under which the application of prejudgment interest is appropriate. Writing for the Court, Judge Miner initiated the discussion, as follows:

"[s]ince the early part of this century, the United States Supreme Court has stated repeatedly that discretionary awards of prejudgment interest are permissible under federal law in certain function of (i) *the need to fully compensate the wronged party for actual damages suffered,* (ii) *considerations of fairness* and the relative equities of the award, (iii) the remedial purpose of the statute involved and/or (iv) such other principles as are deemed relevant by the court" (emphasis supplied) (*Wickham, supra* at p. 833).

■ A court may not award prejudgment interest if such an award is contrary to congressional intent. Where there is no indication of intent on the subject, the courts should then take other factors into consideration, such as whether an award of prejudgment interest is fair and equitable or whether such an award would result in overcompensation of the plaintiff (*Wickham, supra* at p. 834 [citing cases]).

■ Another important consideration in determining the appropriateness of an award of prejudgment interest is whether the federal statute under which damages have been obtained is remedial or punitive in nature. In this regard, the Second Circuit noted that "prejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature" (*Wickham, supra* at p. 834). Although it appears to be an open question in the Second Circuit as to whether RICO's treble damage provision is in fact punitive in nature, the Court has suggested that an award of interest is generally improper where the statute itself provides for treble damages (*see Wickham, supra* at p. 835; *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 80 [2d Cir. 1971] *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 [1973]).

In *Trans World Airlines*, a private antitrust suit, the Second Circuit considered the treble damage provision of the Clayton Act and stated that the absence of congressional intent on the issue of interest as an element of such provision indicated that the trebling of damages was itself a sufficient remedy, so that an award of interest was unnecessary.

In regard to treble damages under the Clayton Act, the United States Supreme Court stated that "the treble-damages cause of action conferred on private parties by § 4 of the Clayton Act ... seeks primarily to enable an injured competitor to gain compensation for that injury" (*see Mitsubishi Motors v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 635, 105 S.Ct. 3346, 3358, 87 L.Ed.2d 444 [1985]). Furthermore, the Court stated that § 4 of the Clayton Act provides "the injured party [with] ample damages for the wrong suffered" (*see Mitsubishi, supra* at p. 637, 105 S.Ct. at 3359 [*quoting Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 486 n. 10, 97 S.Ct. 690, 696 n. 10, 50 L.Ed.2d 701 (1977)]). Comparing the legislative intent underlying the Clayton Act with the RICO statute, the Supreme Court found that "[t]he legislative history of § 1964(c) reveals the same emphasis on the remedial role of the treble damages provision [as § 4 of the Clayton Act]" (*see Shearson/American Express v. McMahon*, 482 U.S. 220, 241, 107 S.Ct. 2332, 2345, 96 L.Ed.2d 185 [1987]).

In sum, the treble damages provision of the Clayton Act has been held to sufficiently compensate victims of antitrust injuries without the need to add an award of interest (*see Trans World Airlines, supra* at p. 80). Also, the legislative intent underlying the enactment of RICO's treble damages provision tracks that of the Clayton Act. Therefore, it appears that interest awards under RICO are similarly unnecessary to fairly compensate a successful plaintiff.

In this regard, the Court is cognizant of at least one reported RICO case in this Circuit where prejudgment interest was added to the RICO treble damages. In *Tri Component Prod. Corp. v. Benarroch*, No. 87 CIV. 2351, 1988 WL 126560 (S.D.N.Y. Aug. 5, 1988), the Southern District adopted the report and recommendation of a Magistrate Judge, which made a finding as to certain actual damages, and in reliance on *Rolf v. Blyth, Eastman Dillon & Co.*, 637 F.2d 77, 86–87 (2d Cir.1980), awarded prejudgment interest on those damages (*Tri Component, supra*, at p. *6). The Court then trebled the amount of the actual damages along with the prejudgment interest instead of adding the interest to the amount trebled. The Court notes that in *Tri Component*, the judgment was entered on default.

It appears that no other Court in this Circuit has taken this expansive view of the applicability of prejudgment interest with regard to an award of treble damages in a RICO case. Further, in this Court's view, the facts in this case do not warrant the imposition of prejudgment interest. Based on the evidence adduced at the trial, the jury's verdict, after being trebled, would more than "fully compensate the wronged party for actual damages suffered" (*Wickham, supra* at p. 834) without the need for prejudgment interest.

The thrust of the recent decisions on the subject of prejudgment interest has been to limit the award of interest to fair and just compensation and to avoid excessive recoveries. For example, on January 16, 1992, the New York Court of Appeals in *Milbrandt v. A.P. Green Refractories Co.*, 79 N.Y.2d 26, 580 N.Y.S.2d 147, 588 N.E.2d 45 (1992) made a major change in determining the rate of interest in wrongful death actions, so as to more fairly evaluate "just compensation." The *Milbrandt* Court held in part that pre-verdict interest on damages in a wrongful death action should be added only if the award has been discounted to a time prior to the award so as to provide "fair and just compensation" and to avoid "a windfall" and a "double recovery" [*see Milbrandt, supra*]).

Moreover, in accordance with the RICO statute, the plaintiffs will also be awarded attorney's fees. The treble damages then, will be a net recovery to the plaintiff Nu–

Life. The imposition of pre-judgment interest either before or after the trebling would, in this Court's view, not only "overcompensate" Nu–Life, but would provide an undeserved windfall unrelated to any "business injuries" it sustained.

*Prejudgment Interest on the Counterclaim*

 The defendant Board also moved for prejudgment interest on its contract counterclaim. The Board's contract claim, based on New York state law, is before this Court as a pendent matter, and the Court must look to the New York law of prejudgment interest to determine whether the Board is entitled to interest on its counterclaim.

New York's Civil Practice Law and Rules ("CPLR") § 5001(a) provides that "interest to verdict" "shall be recovered upon a sum awarded because of breach of performance of a contract...." In the practice commentary to this section, Professor Siegel noted that in federal actions based on diversity jurisdiction, substantive rights are decided by state law pursuant to the *Erie* doctrine. A right to prejudgment interest under this section is such a substantive right (*see* Siegel *Supplemental Practice Commentaries,* CPLR [McKinney 1992]; *see also Lee v. Joseph E. Seagram & Sons, Inc.,* 592 F.2d 39, 42 [2d Cir. 1979]).

The contract counterclaim is based on pendent jurisdiction, which is similar to diversity jurisdiction for the purpose of determining prejudgment interest under CPLR § 5001(a) (*see e.g., Felkay v. ZB Limited Partnership No. 1,* Fed.Sec. L.Rep. p. 99, 241 [S.D.N.Y.1983] [pendant jurisdiction sustains prejudgment interest award under CPLR § 5001(a) on breach of contract claim]).

Therefore, the Court finds that the provisions of CPLR § 5001(a) apply to the Board's counterclaim. Prejudgment interest shall be awarded from the date of the breach (*see Tomanelli v. Lizda Realty, Ltd.,* 174 A.D.2d 889, 571 N.Y.S.2d 171, 173 [3d Dept.1991]), which in this case, is August 31, 1985. The rate of interest provided for under this section is set by statute at the rate of nine per cent per annum (*see* CPLR § 5004 [McKinney 1992 Supp.]). Accordingly, prejudgment interest at the rate of nine per cent from August 31, 1985, is to be added to the sum awarded in favor of the Board against Terminate.

### CONCLUSION

The motion of plaintiff Nu–Life to add prejudgment interest to the amount of the RICO award is denied.

The motion of the Board to add prejudgment interest on the award against Terminate on the counterclaim is granted. Such interest is awarded at the rate of nine percent per annum, from August 31, 1985 to the date of the entry of judgment.

SO ORDERED.