**J. Reid BINGHAM**

v.

**Marvin ZOLT, et al.**

**No. 86 CIV 9477 (KC).**

United States District Court, S.D. New York.

Jan. 4, 1993.

Robert Brundige, Jr., Hughes Hubbard & Reed, New York City, for plaintiff.

Paul D. Friedland, Courdert Bros.; Kaare Phillips, Grais & Phillips; Adam Simms, Brody & Fabiani; Kathryn Keneal-ly, Kostelanetez Ritholz Tigue & Fink, Ray Beckerman, New York City; and Jeremy Miskin, Montgomery McCracken Walker & Rhoads, Philadelphia, PA, for defendants.

## OPINION AND ORDER

CONBOY, District Judge:

Following twelve weeks of trial, a jury returned a verdict in favor of the plaintiff estate against two of the defendants, Marvin Zolt and David Steinberg, in the sum of $800,000 on the three RICO counts and $250,000 on the common law counts. In accordance with 18 U.S.C. § 1964(c), the Court has trebled the RICO recovery and awarded reasonable attorney's fees to the plaintiff.

■ The issue before the Court is whether to grant plaintiff's request for prejudgment interest on the RICO recovery. The RICO statute is silent on the subject of prejudgment interest. *Nu–Life Const. v. Board of Education*, 789 F.Supp. 103, 104 (E.D.N.Y.1992). In the face of this silence, the Court has discretion to award or not award prejudgment interest. *Wickham Contracting Co. v. Local Union No. 3*, 955 F.2d 831, 835 (2d Cir.1992).

■ In *Wickham Contracting Co. v. Local Union No. 3*, 955 F.2d 831 (2d Cir. 1992), the Second Circuit analyzed the general factors to consider in deciding whether or not to award prejudgment interest. In that case, the Court wrote:

> ... the award should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.

*Id.* at 833. Applying the *Wickham* factors to the present case, we find that the treble

damage award on the RICO recovery adequately compensates plaintiff for the actual damages suffered and obviates the need to award prejudgment interest. Indeed, there was evidence introduced by the defendants that the value of the diverted estate assets was actually enhanced during the period of the wrongdoing. In addition, the Court notes that the plaintiff has not even alleged, no less proven, that the defendants charged excessive or unduly high fees for their services. Finally, the jury has already returned a verdict against one of the defendants, David Steinberg, for punitive damages in the amount of $1,000,-000.

While denying an award of prejudgment interest based on the particular circumstances of this case, the Court observes that the Second Circuit has yet to decide whether prejudgment interest is ever available on a RICO verdict. At least one Court in this Circuit has suggested that prejudgment interest should not be available on a RICO verdict. In *Nu–Life Const. v. Board of Education,* 789 F.Supp. 103 (E.D.N.Y. 1992), the Court denied plaintiff prejudgment interest, stating "it appears that interest awards under RICO are unnecessary to fairly compensate a successful plaintiff." *Id.* at 105. The *Nu–Life* Court based its reasoning on the holding in *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 80 (2d Cir.1971), in which the Court found that the treble damages provided under the Clayton Act sufficiently compensated the plaintiff and made an award of prejudgment interest unnecessary. In *Trans World Airlines, Inc.,* the Court asserted that "[i]t is reasonable to interpret Con-

gress's silence on the matter as indicating that trebled damages are sufficient penalty and that interest need not be included." *Id.* at 80.[1]

◼ The main function of an award of prejudgment interest is to fully compensate a plaintiff for damages suffered. *See Rolf v. Blyth, Eastman Dillon & Co., Inc.,* 637 F.2d 77 (2d Cir.1980) ("An award of prejudgment interest is in the first instance, compensatory ..."). Where, as in this case, the Court trebles the damages pursuant to the RICO statute (18 U.S.C. § 1964(c)), awarding prejudgment interest will probably be unnecessary; treble damages will usually more than adequately compensate a plaintiff for actual damages suffered.

However, the Court recognizes the possibility that exceptional circumstances may exist—specifically, where treble damages do not adequately compensate a plaintiff for the actual damages suffered, or where a defendant has sought unreasonably and unfairly to delay or obstruct the course of litigation—warranting the imposition of prejudgment interest on a RICO judgment. *See General Facilities v. Nat. Marine Service,* 664 F.2d 672 (8th Cir.1981) ("Prejudgment interest serves at least two purposes: (1) it helps compensate plaintiffs for the true cost of money damages they have incurred, and (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation." *Id.* at 674). Such exceptional circumstances are not present in this case, and the Court accordingly declines to

---

**1.** The Court has found two other District Court decisions that have suggested that prejudgment interest should never be available on a RICO verdict. *See Brunswick Corp. v. E.A. Doyle Mfg. Co.,* 770 F.Supp. 1351 (E.D.Wis.1991) ("The defendants note that RICO does not provide for prejudgment interest on top of multiple damages since multiple damages are sufficient to compensate the plaintiff for any loss arising from the unavailability of their funds." *Id.* at 1373); *Louisiana Power & Light v. United Gas Pipe Line,* 642 F.Supp. 781 (E.D.La.1986) ("The RICO statute does not provide for the recovery of prejudgment interest, and federal courts have generally refused to award prejudgment interest

on claims which provide for multiple damages. They have done so for the sound reason that multiple damages more than reimburse a plaintiff for any loss he suffers from an unavailability of the funds he seeks to recover. I see no reason why a RICO claim should be treated any differently, and I refuse to allow the plaintiff any prejudgment interest on its RICO claim." *Id.* at 811) (citations omitted).

The Court agrees with the result of these two decisions but, for the reasoning set forth in the text of this opinion, declines to follow a rigid rule prohibiting prejudgment interest on a RICO verdict.

grant plaintiff's request for prejudgment interest.[2]

Plaintiff cites *Tri Component Products Corp. v. Benarroch*, RICO Bus.Disp. Guide § 7017, 1988 WL 126560 (S.D.N.Y.1988), in which the Court awarded prejudgment interest on a RICO recovery, to support its claim for prejudgment interest. The Court in *Tri Component Products Corp.* did not provide reasoning for awarding prejudgment interest on top of the treble damages award. Nevertheless, this case is distinguishable from *Tri Component Products Corp.* In *Tri Component Products Corp.*, in contrast to this case, the Court entered judgment on default against the defendant and accepted verbatim the Magistrate's Recommended Order, to which the defendants filed no objections. In addition, as we have noted in this case, plaintiff has already been awarded $1,000,000 in punitive damages.[3]

Incredibly, plaintiff also cites *Bankers Trust v. Rhoades*, 859 F.2d 1096 (2d Cir. 1988), *cert denied*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989), for the proposition that an award of prejudgment interest is appropriate on a RICO recovery. Despite the fact that the *Bankers Trust* decision neither involved nor mentioned prejudgment interest, plaintiff writes that "... the Second Circuit had previously held in Banker's Trust that prejudgment interest is consistent with the Congressional intent underlying the RICO statute ..." Plaintiff's Letter, dated Dec. 22, 1992, p. 3. Plaintiff seems to draw the conclusion that prejudgment interest is a logical extension of the general language in the Court's deci-

sion about the need to fully compensate a victorious RICO plaintiff. This Court disagrees with and declines to accept plaintiff's strained and dubious reading of the *Bankers Trust* decision.

### Conclusion

In sum, the Court denies plaintiff's request for prejudgment interest on its RICO recovery. The Court recognizes that extraordinary circumstances may exist warranting prejudgment interest on a RICO verdict, but finds that those circumstances are not present in this case.

SO ORDERED.

---

**2.** The Court also observes that no prejudgment interest is available when the statute in question is punitive in nature, and that it appears to be an open question in the Second Circuit as to whether RICO's treble damage provision is in fact punitive in nature. *See Nu–Life Const. v. Board of Education*, 789 F.Supp. 103, 104 (E.D.N.Y.1992). *See also Wickham Contracting Co. v. Local Union No. 3*, 955 F.2d 831, 834 (2d Cir.1992) ("prejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature.").

**3.** Furthermore, the Court notes that *Tri Component Products Corp.* appears to be the only case in this District in which a Court has awarded

prejudgment interest on a RICO claim. *See Nu–Life Const. v. Board of Education*, 789 F.Supp. 103, 105 (E.D.N.Y.1992) ("... no other Court in this Circuit has taken this expansive view of the applicability of prejudgment interest with regard to an award of treble damages in a RICO case.").

The Court has also found a Seventh Circuit case in which prejudgment interest was awarded on a RICO judgment. In *AETNA Casualty & Surety Company of Illinois v. Levy*, 1985 WL 3766 (N.D.Ill.1985), the Court awarded prejudgment interest on a RICO judgment, but, as in *Tri Component Products Corp.*, failed to provide its reasoning.