■ Alma Perez, Respondent-Appellant, v Columbia Operating Co., Inc., Defendant and Third-Party and Fourth-Party Plaintiff-Appellant. Weld Built Body Co., Inc., Third-Party Defendant, and Four Square Operating Corp., Fourth-Party Defendant-Appellant-Respondent. [609 NYS2d 924] —In an action to recover damages for wrongful death and personal injuries, etc., the fourth-party defendant Four Square Operating Corp., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated December 9, 1991, as is in favor of the fourth-party plaintiff Columbia Operating Co., Inc., and against it, the defendant Columbia Operating Co., Inc., separately appeals from the same judgment, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as computed the present value of the jury's verdict and the interest on the judgment.

Ordered that the defendant's appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (22 NYCRR 670.08 [c], [e]); and it is further,

Ordered that the plaintiff's cross appeal is withdrawn, without costs or disbursements; and it is further,

Ordered that the judgment is modified, by (1) deleting the ninth decretal paragraph thereof, and (2) by deleting the tenth decretal paragraph thereof, and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED, that defendant COLUMBIA OPERATING CO., INC., have judgment over against fourth-party defendant, FOUR SQUARE OPERATING CORP., to the extent of 60% of the judgment, to the extent that COLUMBIA OPERATING CO., INC., actually makes payment to plaintiff, ALMA PEREZ, in an amount in excess of proportionate share of COLUMBIA OPERATING CO., INC., in the judgment (i.e. 40%)"; as so modified, the judgment is affirmed insofar as appealed from, with costs to Four Square Operating Corp., payable by Colum-

bia Operating Co., Inc., and the matter is remitted to the Supreme Court, Kings County, to recompute the interest due the plaintiff on preverdict damages.

In the judgment entered in the instant action, the court awarded preverdict interest (i.e., from the date of death until the date of the award) on postverdict damages. The interest computed on postverdict damages must be eliminated, since the court did not discount the damages back to a time which predated the award (see, Milbrandt v Green Refractories Co., 79 NY2d 26, 31). Furthermore, the interest on preverdict damages must be recomputed pursuant to CPLR 5001 (b) so that interest is only paid from the date that a particular item of damage was incurred or upon all of the damages from a single reasonable intermediate date (see, Milbrandt v Green Refractories Co., supra, at 31).

The jury apportioned 40% of the fault in the happening of the accident against Columbia Operating Co., Inc. (hereinafter Columbia) and 60% against Four Square Operating Corp. (hereinafter Four Square). The court, however, did not make Columbia's judgment over against Four Square conditional on Columbia's payment of more than its proportionate share of the judgment. Therefore, the judgment must be further modified to provide that Columbia may not recover on its judgment over against Four Square, until it has paid the plaintiff more than 40% of the judgment.

We have reviewed the remaining arguments raised by Four Square and find them to be either unpreserved for appellate review or without merit (see, Northway Eng'g v Felix Indus., 77 NY2d 332, 336; Hoe & Co. v Crown Cork & Seal Co., 22 AD2d 861, affd 16 NY2d 574). Mangano, P. J., Miller, Hart and Florio, JJ., concur.