OPINION OF THE COURT
Memorandum.
The order of the Appellate Division insofar as appealed from should be reversed, with costs, and the case remitted to the Court of Claims for further proceedings in accordance with this memorandum.
This is a personal injury action on behalf of infant Sherilynn Kirisits, who in August of 1975 was in útero when her mother, Sheryl Kirisits, was involved in an automobile accident on a State highway. Sheryl Kirisits spent the next several months in a coma and died the day after giving birth. The State was found to have negligently maintained a guardrail, causing her injuries, and her estate was awarded $382,342.32 in damages. When the infant was 10 years old, her legal guardians brought the present suit and sought partial summary judgment on the issue of liability, on the ground of collateral estoppel. The Court of Claims denied claimants summary judgment, but the Appellate Division reversed, granted their motion and remanded for a trial on damages. After trial, the Court of Claims *1013 awarded the infant past and future damages of $9,994,741 which was subsequently structured by the court pursuant to CPLR article 50-B.
Originally, the court included in the structured judgment prejudgment interest on all damages except future damages, and it allowed interest from July 13, 1990 (the date of the Appellate Division decision finding liability) to January 28, 1994 (the date of entry of judgment). Claimants, however, objected that the judgment included no interest on future damages. After opposition by the State on the point, the Court of Claims directed amendment of the judgment to add interest on the entire award from July 13, 1990 to January 28, 1994, with future damages discounted to present value as of August 15, 1993. The State appealed from the amended judgment, and the Appellate Division affirmed. The State now argues that the award of future damages should have been discounted back to July 13, 1990. We agree.
CPLR articles 50-A and 50-B are "technical administrative schemes intended to regulate and structure payment, and they should not be construed in such a way as to increase the underlying liability owed by defendants.” (Rohring v City of Niagara Falls, 84 NY2d 60, 67.) CPLR 5001, 5002 and 5003 set forth the interest requirements for three distinct periods: interest prior to verdict (CPLR 5001), interest from verdict to judgment (CPLR 5002) and interest from judgment to payment (CPLR 5003). CPLR 5002, the section applicable to the period at issue, states that interest shall be recovered "upon the total sum awarded * * * from the date the verdict was rendered.”
Love v State of New York (78 NY2d 540, 545) established that "[i]n a bifurcated personal injury action prejudgment interest under CPLR 5002 should be calculated from the date of the liability determination” even though the actual damages are assessed and judgment entered later. Subsequently, in Milbrandt v Green Refractories Co. (79 NY2d 26), a wrongful death action, we recognized that an award of future damages includes an amount equivalent of interest and, unless discounted back to the date from which statutory interest would be added, prejudgment interest on future damages would constitute a windfall (see, Milbrandt, 79 NY2d at 35; accord, Woodling v Garrett Corp., 813 F2d 543, 560).
Similarly in Rohring (84 NY2d at 70) we noted that "the future damages here were properly treated as a debt owed entirely as of the date of the liability verdict, and interest was properly charged against the present value of future damages *1014 from that date under CPLR 5002. That result is consistent with Love and Milbrandt and, most importantly, with the plain language of the statute.” Claimants misconstrue our holding in Rohring, which, following Milbrandt, held that interest was properly charged against the present value of future damages from the date of the determination of liability under CPLR 5002. Indeed, claimants have adduced no reason why the avoidance of an interest windfall should not apply equally to personal injury actions and wrongful death actions.
The State’s additional argument, that the Court of Claims improperly allowed a double recovery by admitting evidence of inflation at trial and then imposing the 4% annual adjustment under CPLR 5041 (e), is not preserved for our review.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order, insofar as appealed from, reversed, etc.