■ THOMAS BIGELOW et al., Respondents, v ACANDS, INC., et al., Defendants, and CELOTEX CORPORATION, Appellant. PEARL GLASER et al., Respondents, v AMCHEM PRODUCTS, INC., et al., Defendants, and CELOTEX CORPORATION, Appellant. ANNA RATTIEN, Respondent, v AMCHEM PRODUCTS, INC., et al., Defendants, and CELOTEX CORPORATION, Appellant. [601 NYS2d 478] —Judgments, Supreme Court, New York County (Helen E.

Freedman, J., at trial; Richard Wesley, J., at retrial on apportionment of damages), entered April 4, 1990, which, upon a jury verdict, found in favor of plaintiffs and, upon a directed verdict, found defendant-appellant liable for 100% of the harm suffered by plaintiffs, unanimously modified, the finding on apportionment of damages set aside, and a new trial ordered on apportionment of damages, and otherwise affirmed, without costs.

In this asbestos litigation brought against multiple defendants, the cases of plaintiffs Bigelow, Glaser and the Estate of Sanchez were tried jointly. By the time of trial the only remaining litigating defendant in all three matters was appellant Celotex, all the other named defendants having either settled or been dismissed. By virtue of appellant's assertion of contribution claims pursuant to General Obligations Law § 15-108 against the other defendants no longer in the case, those defendants were listed on the verdict sheet, together with Celotex, and the jury was instructed to set forth the percentage, if any, of responsibility that each of the defendants bore for the injuries suffered by the respective plaintiffs. The jury found in favor of plaintiffs against all of the named defendants, apportioning responsibility equally among them. The trial court granted the motion to set aside the verdict with respect to apportionment, finding such to be against the weight of the evidence, and directed a retrial on that issue only. On the retrial, before another Justice, a verdict imposing 100% responsibility for the damages upon appellant Celotex was directed and a final judgment was entered against Celotex only.

On this appeal, defendant-appellant Celotex seeks (1) a reversal of the order of the IAS Court, which set aside the verdict insofar as it equally apportioned liability among all named defendants and ordered a new trial solely on apportionment, and (2) a reinstatement of the original verdict, although it raises an issue as to excessiveness of the amounts awarded to plaintiffs. While appellant's primary contention is that no retrial on apportionment should have been held, at all, Celotex also takes issue with the court's rulings and conclusions on that retrial which it contends require, at the very least, a new trial on apportionment. Appellant Celotex does not contest its own liability on this appeal and implicitly concedes that the evidence warranted a finding of liability against it by the first jury.

Upon a review of the record, we find that the original Trial

Judge properly set aside, as against the weight of the evidence, that portion of the first verdict which found that the damages should be equally apportioned among all the named defendants. The record reflects that there were three defendants named on the verdict sheet and included in the apportionment finding against whom there was no evidence sufficient to support a finding of any liability. To simply excise those defendants from the verdict and reapportion their respective liabilities among the remaining defendants, as appellant suggests, would be wholly inappropriate in this case where, as acknowledged by the court itself, there is a significant likelihood that the jury's verdict was a result of the court's supplemental charge which improperly encouraged the jury to find that the evidence of proportionate responsibility was the same as to each defendant. Under these circumstances the proper course was to direct a retrial on the apportionment issue as was here done.

With respect to the question of the burden of proof on the issue of apportionment, we find that that burden was properly placed on defendant Celotex. While plaintiff had the burden of proof, in the first instance, of establishing liability on the part of the non-settling defendant Celotex, once that liability was established, as it concededly was on the original trial, Celotex bore the burden of establishing the equitable shares attributable to the settling defendants for purposes of reducing the amount of Celotex's own responsibility for the damages (see, *Bonnot v Fishman*, 88 AD2d 650, *affd* 57 NY2d 870; *In re Joint S. & E. Dist. Asbestos Litig.*, 741 F Supp 50, 51, n 2; *Construction Technology v Lockformer Co.*, 781 F Supp 195, 202; *see also*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 23A, General Obligations Law § 15-108, at 701).

Since the burden of proof on the apportionment issue lay with appellant, and that was the only issue before the court on the retrial, the court properly required appellant to proceed first in presenting its proof before the jury. However, contrary to the determination made by the court on the retrial, we find that the evidence presented by appellant warranted submission of the apportionment issue to the jury rather than a directed verdict. Appellant should not have been precluded from having the jury determine whether it should not be held solely responsible for the entire consequences of the disease suffered by plaintiffs in light of the evidence demonstrating that defendant was not the sole man-

ufacturer of the asbestos products to which the injured parties were exposed.

Since a new trial is necessary on apportionment, we note that, to the extent that plaintiffs' answers to interrogatories listed various companies which contributed to their asbestos exposure, they constituted admissions of a party and were admissible as evidence *(United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254, 264). However, deposition testimony, other than that of Harry Brayne, which was referred to in the answers to the interrogatories, was not admissible since the plaintiffs, against whom such testimony was sought to be used, were not present or represented at those depositions, received no notice thereof (CPLR 3117 [a] [3]) and did not in the first instance elect to read into evidence any of the testimony from those depositions (CPLR 3117 [b]).

Finally, upon our review of the evidence we find that the awards of damages were not excessive. Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.