**130**

Johnsie **RILEY**, et al., Plaintiffs,

v.

David H. **MURDOCK**, et al., Defendants.

**No. 92–442–CIV–5–BR.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

July 6, 1994.

Thomas Fleming Taft, Jr., Taft, Taft & Haigler, Greenville, NC, for plaintiffs.

Jeffrey C. Howard, Ralph M. Stockton, Jr., Petree, Stockton & Robinson, Winston–Salem, NC, Debbie Weston Harden, Womble, Carlyle, Sandridge & Rice, Charlotte, NC, Stephen W. Coles, Walter F. Brinkley, Brinkley, Walser, McGirt, Miller, Smith & Coles, Lexington, NC, for defendants.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

DENSON, United States Magistrate Judge.

THIS CAUSE is now before the court on the motion of defendant David H. Murdock for a Protective Order that the continuation of his deposition on July 6, 1994 not be videotaped, as noticed by plaintiffs. A conference call was heard on this motion on July 5, 1994 at which plaintiffs were represented by John T. Tierney, III, Peter T. Paladino, Jr., and Tybe A. Brett, the defendant David H. Murdock was represented by Jeffrey C. Howard, and the other defendants were represented by William C. Raper, Steven W. Coles, and David C. Wright, III.

For the reasons explained in the telephonic conference, the Motion for Protective Order IS DENIED. This Order memorializes the oral ruling.

■ Mr. Murdock's deposition was begun on April 6, 1994 and continued by agreement of counsel to July 6, 1994. The first portion of the deposition was recorded only by sound or stenographic means. Plaintiffs have noticed their intention to record the deposition by video, or sound-and-visual equipment, when it resumes July 6. Mr. Murdock objects and contends that the continuation of the deposition must be recorded in the same fashion as the beginning portion. Plaintiffs respond that Rule 30(b)(2) permits them to choose the medium of recordation of the deposition and that they may make a different selection for the second session of the deposition.

As justification for switching to the video medium, plaintiffs state that the deponent, Mr. Murdock, was evasive in the earlier portion of his deposition and that he was coached in his testimony. They argue that only a video deposition would adequately show the evasion and coaching and perhaps deter such conduct. Defendant Murdock denies any evasion or coaching, but contends that if they occur they would be shown by a

sound transcription. Defendant contends that switching mediums in mid-deposition would be prejudicial to him in that it would emphasize those portions of his testimony that were videotaped.

Rule 30(b)(2), Fed.R.Civ.P. was amended in 1993 specifically to permit recordation of a deposition by sound, sound-and-visual, or stenographic means at the option of the party noticing the deposition.[1] The court finds nothing in this rule or elsewhere in the law to prevent the deposing party from switching to a different medium for the subsequent portion of a continued deposition.[2]

Stenographic transcripts record only spoken words. But people communicate in other ways in addition to the words used: facial expressions, voice inflection and intonation, gestures, "body language", and notes between counsel and deponent may all express a message to persons present at a deposition as to which a typed transcript is completely silent.[3]

Moreover, the finder of fact must assess the credibility of deposition testimony. Standard jury instructions inform jurors that in assessing testimony they may consider, *inter alia,* a witness's demeanor while testifying because it is common knowledge that facial expressions often reveal the veracity of the speaker.[4] A video deposition, unlike a typed transcript, allows a trial jury to consider the demeanor of a witness while testifying.

If, as plaintiff contends, the deponent was evasive, a video deposition would make this much more apparent than would a typed transcript because it would show, for example, delays in responses, which the transcript would not. Further, a video deposition is more likely than a transcript to expose any coaching by counsel, such as by notes, gestures, or whispered instructions inaudible to a court reporter.

The video deposition is allowed because it is a superior method of conveying to the fact finder the full message of the witness in a manner that assists the fact finder in assessing credibility and because Rule 30(b)(2) specifically permits the deposing party to select the method of recordation of the deposition.

If the deponent—or any defendant—believes that the videotaped portion of the deposition would unfairly emphasize certain testimony recorded earlier only orally, that defendant may repeat questions earlier asked that were not recorded by video-tape. Thus, any prejudice would be removed. Plaintiffs are *not* accorded this right to revisit previous questions because they had the option of selecting the video format at the outset.

■ Two additional issues arose during the course of the telephonic conference. First, although counsel had agreed upon the city of the deposition, there was a disagreement over the place in which it would be

1. Although trial lawyers have been videotaping depositions for years, previous to this change Rule 30(b)(4) required court approval before a deposition could be videotaped over objection.

2. In fact, neither counsel nor the court have found *any* precedent directly on this narrow point. Plaintiffs' counsel cite *Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Products, Inc., et al.,* 140 F.R.D. 373 (E.D.Wisc.1991); however, that case, decided under Rule 30(b)(4), did not involve an interrupted deposition, but merely permitted the videotaping of some depositions after previous depositions of other deponents were recorded only for sound.

3. A recent film, "My Cousin Vinnie", made this point. When accused of a homicide, a character incredulously questioned "*I* killed (the victim)?" The typed transcript of this remark became a confession: "I killed (the victim)." Although the transcript was completely accurate in reporting the words said, it was totally inaccurate in con-

veying the *message* of the speaker because it did not report the intonation.

4. E.g.: *Bench Book for United States District Judges,* Third Ed., Grand Jury Instructions § 3.02 (In assessing credibility of witnesses jurors may consider "the manner and demeanor of the witnesses in testifying"); North Carolina Pattern Instructions, Civil 101.15 "Credibility of Witness" (jurors may consider the "manner and appearance" of the witness); E. Devitt, C. Blackmar, M. Wolff, K. O'Malley *Federal Jury Practice and Instructions,* 4th Ed., Vol. 1, § 15.01 "Credibility of Witnesses" ("Consider each witness's . . . appearance and manner while on the witness stand."); Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction 1.07: (In assessing credibility, "(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?")

taken. As to this, Rule 30(b)(1) allows the party noticing the deposition to select the place that it will be taken. Next, deponent objects to the fact that plaintiffs have indicated that the attorney who will conduct the balance of the deposition will not be the attorney who examined the deponent during the first deposition session. This objection is sustained. Rule 30(c) provides that "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial ..." The practice in this judicial district is to allow only one attorney to examine a witness. L.R. 2.09.

SO ORDERED, effective the 5th day of July, 1994.