■ JOHN ZALINKA et al., Respondents, v OWENS-CORNING FIBERGLASS CORPORATION, Appellant. [633 NYS2d 884] —Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered May 26, 1994 in Rensselaer County, upon a verdict rendered in favor of plaintiffs.

From 1952 until 1970, plaintiff John Zalinka (hereinafter Zalinka) was employed at the Watervliet Arsenal in the City of

Watervliet, Albany County, where, as the result of his work, he frequently was exposed to asbestos. In 1991 Zalinka was diagnosed as suffering from mesothelioma, a form of lung cancer associated with exposure to asbestos. As a consequence, Zalinka and his wife commenced this action against multiple defendants alleging that each manufactured, sold or distributed asbestos products to the arsenal during Zalinka's employ, the exposure to which caused his cancerous condition.

Ultimately, plaintiffs negotiated settlements with all of the defendants except Owens-Corning Fiberglass Corporation (hereinafter OCF). Following a jury trial, a verdict was rendered in favor of plaintiffs wherein the jury determined that OCF was liable for the full amount of the damages assessed. As a result, judgment was entered reducing OCF's liability, presumably by the amount of the proceeds of plaintiffs' settlement with the other defendants. OCF now appeals.

We affirm. In order for OCF to prevail, it must appear upon a fair interpretation of the evidence that no valid line of reasoning or set of permissible inferences exist that would permit the jurors to arrive at the verdict reached (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499). Such is not the case here. OCF manufactured Kaylo, an asbestos-containing product which was used to insulate pipes at the arsenal while plaintiff was employed there. When installing or replacing Kaylo, it was necessary to cut the product, which resulted in the release of dust and asbestos fibers. Zalinka testified that he inhaled this debris on occasions when Kaylo was being installed or replaced at the arsenal, and plaintiffs' expert was of the opinion that Zalinka's inhalation of the aforesaid fibers was a substantial contributing cause of his condition. This evidence of causal connection is sufficient to sustain the jury's verdict (*see, Johnson v Celotex Corp.*, 899 F2d 1281, 1286-1287, *cert denied* 498 US 920).

We further reject the contention that the jury's determination that OCF was solely responsible for Zalinka's injuries is not supported by any fair interpretation of the evidence. Where, as here, plaintiffs demonstrate liability on the part of a nonsettling defendant, the burden shifts to that defendant to establish the equitable share of culpability attributable to each of the settling defendants (*see, Bigelow v Acands, Inc.*, 196 AD2d 436, 438). Here, OCF offered no evidence regarding the lack of warnings by the settling defendants or the allegedly inadequate warning of Johns-Manville. While it is true, as urged by OCF, that it may rely upon any evidence in the record tending to support its contention that the settling defendants failed

to warn consumers that their products contained asbestos, Zalinka's testimony that he never saw any warnings on asbestos products used at the arsenal did not compel the jury to conclude that there were, in fact, no such warnings. Under the circumstances, it cannot be said that the jury erred in determining that OCF failed in its burden of establishing the settling defendants' equitable share of plaintiffs' damages. OCF's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.