Jeanette ROTOLO, Plaintiff–Appellee,

v.

DIGITAL EQUIPMENT CORPORATION,
Defendant–Appellant.

Docket No. 97–7817.

United States Court of Appeals,
Second Circuit.

Argued April 30, 1998.

Decided July 24, 1998.

Steven J. Phillips, New York City (Alani Golanski, Stephenie L. Bross, Levy, Phillips & Konigsberg, LLP, New York City, of counsel), for Plaintiff–Appellee.

Sheila L. Birnbaum, New York City (Loring I. Fenton, Craig M. Deitelzweig, Skadden, Arps, Slate, Meagher & Flom LLP; Kenneth J. King, Charna L. Gerstenhaber, Brobeck, Phleger & Harrison LLP, New York City, of counsel) for Defendant–Appellant.

Brian C. Elmer, Victor E. Schwartz, Mark A. Behrens, Barry M. Parsons, Crowell & Moring LLP, Washington, DC, submitted a brief for Product Liability Advisory Council, Inc., Reston, Virginia, amicus curiae.

Before: VAN GRAAFEILAND, MESKILL and CABRANES, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Digital Equipment Corporation appeals from a $293,385 judgment in favor of Jeanette Rotolo (hereinafter "Rotolo") which followed a jury trial in the United States District Court for the Eastern District of New York before Judge Weinstein. For the reasons that follow, we vacate the judgment and remand to the district court for retrial.

From February 1992 to September 1993, Rotolo was employed as an accounts receivable clerk at Long Island Jewish Medical Center. As part of her job, she operated a

computer keyboard furnished by her employer that had been manufactured by Digital. She contends that as a result of the keyboard operation she developed what generally are described as CTDs (Cumulative Trauma Disorders) or RSIs (Repetitive Stress Injuries). For the edification of the reader, we include the following descriptions of these ailments that were contained in exhibits introduced into evidence by Rotolo's counsel:

Hewlett Packard Company,

Proper Setup & Posture For Visual Display Terminal (VDT) Equipment Use (Exhibit 27)

RSI (also known as a cumulative trauma disorder or repetitive motion injury) is a type of injury where soft tissues in the body, such as muscles, nerves, or tendons, become irritated or inflamed. In an extreme case, this irritation can lead to permanent tissue damage. RSI has been a problem for workers performing specific tasks such as assembly line work, meatpacking, sewing, playing musical instruments, and VDT work. It can also result from outside (not job-related) activities such as carpentry, knitting, housework and gardening.

Health Hazard Evaluation Report, National Institute for Occupational Safety and Health (Exhibit 34)

There is no single cause of cumulative trauma disorders. Epidemiologic studies attempt to identify risk factors which contribute to the probability that a disease will occur. Repetitive movements, awkward, static and constrained postures have been identified as ergonomic risk factors of computer workstations. The term CTD includes some specific diagnoses such as carpal tunnel syndrome and many less well-defined problems such as hand pain. Even when considering a single disorder, there are many factors which are thought to contribute to the disorder. For example, age, chronic medical conditions, gender, highly repetitive work, and awkward postures may all contribute to the risk of developing carpal tunnel syndrome.

Joyce Lounsberry, R.N., Occupational Health Nurse, Ergonomics (Exhibit 424)

Factors that might cause CTD:
- Working with a bent or flexed wrist
- Repetitive hand, arm and shoulder motions
- Long reaches for materials
- Long periods of sitting or standing
- Working with your neck bent forward at an angle greater than 15°
- Working at nonadjustable work stations and chairs
- Working with inadequate lighting
- Pinch grips from use of pens or pencils

The medical witnesses' testimony at trial was largely in the same inconclusive and somewhat contradictory vein as the above-quoted excerpts. In addition, as the jury specifically found, there was no design defect in Digital's computer keyboard. Clearly, Rotolo's trial counsel had no easy path to follow in establishing a right of recovery for his client. Because we are convinced that the attorney prejudiciously overreached in attempting to satisfy the burden thus imposed on him, we hold that the judgment in Rotolo's favor cannot stand.

■ In some undisclosed manner, Rotolo's attorneys came into possession of a videotape apparently created by Apple Computer Corporation, a Digital competitor, which stated that it was intended for "Apple internal use only." This tape, which was received in evidence over Digital's strong objection, contained both the voices and images of three Apple consultants, two identified as physicians and one identified as an engineer. These absent and unsworn witnesses, whose qualifications were not expounded upon or subjected to review by cross-examination, asserted and emphasized the existence of a possible causal relation between computer keyboard use and RSI and discussed Apple's contemplated efforts to ameliorate the problem.

Plaintiff's counsel informed the trial judge that he was not offering the videotape because it was "publicly available." He told the judge that in *George v. Celotex Corp.*, 914 F.2d 26 (2d Cir.1990), this Court approved the admission into evidence of secret docu-

ments of one company "against other companies who didn't have those documents," treating it "as appropriate and compelling state of the art proof as to what could be known." This misstated our holding in *George*, which was to the effect that, before a defendant who has never seen an unpublished report that is not part of the published literature can be said to have non-hearsay notice, it must be shown that the defendant "was at least inferentially put on notice by the report." *Id.* at 30. Digital had no such notice. As in *George*, "there was no proof at trial that [Digital] ever saw the unpublished report or that it reasonably should have seen it as part of the published literature on the industry." *Id.* In *George*, we held that the challenged report was admissible as an ancient document pursuant to Fed.R.Evid. 803(16). Since the Apple videotape was not an ancient document as defined in Rule 803(16), that Rule is not applicable here. Neither is Rule 807, because the advance notice of intent to use required by that section was not given. *See United States v. Ruffin*, 575 F.2d 346, 358 (2d Cir.1978) (applying Rule 803(24), a predecessor of Rule 807). The district court therefore misadvised the jury that it might consider the videotape as evidence of "what might have been made available by these defendants [sic] and what was in the field to show what their state of mind was or should have been. . . ." Simply put, the Apple videotape was inadmissible hearsay.

■ Of course, our holding that the Apple videotape constituted hearsay does not lead inevitably to reversal of the judgment below. The test for reversible error is whether the evidence adversely affected Digital's substantial rights. *See Rosenfeld v. Basquiat*, 78 F.3d 84, 92 (2d Cir.1996). In *Malek v. Federal Ins. Co.*, 994 F.2d 49, 55 (2d Cir.1993), we said, quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946), "[I]f one cannot say, with fair assurance . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *See also Schrand v. Federal Pac. Elec. Co.*, 851 F.2d 152, 157 (6th Cir.1988); *Jordan v. Medley*, 711 F.2d 211,

218–19 (D.C.Cir.1983); *Brown v. Miller*, 631 F.2d 408, 413 (5th Cir.1980).

■ The challenged videotape went directly to the heart of the litigation, *viz.* was Digital's computer keyboard the competent producing cause of Rotolo's injuries and should Rotolo have been warned of this possibility. As is evident in the above-quoted excerpts, the etiology of CTDs and RSIs involves much uncertainty and is not without dispute. Introduction of the videotape clearly was aimed at swaying the resolution of this issue in Rotolo's favor. It was an attention-grabbing device, much more effective than deposition testimony standing alone would have been. *See Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 259 n. 6 (5th Cir.1985); *United States v. Tunnell*, 667 F.2d 1182, 1188 (5th Cir.1982); *Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C.1994); *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 649 (M.D.N.C.1987).

Not content simply to get the Apple videotape before the jury, Rotolo's counsel pointedly relied upon it during the trial, particularly in his closing argument to the jury during which he played it a second time. Moreover, he told the jurors they could see the tape a third time if they wanted to. Such emphasis is a crucial factor in determining whether the hearsay error was harmless. *See Ruffin, supra,* 575 F.2d at 360; *Motive Parts Warehouse v. Facet Enterprises*, 774 F.2d 380, 397–98 (10th Cir.1985); *Mueller v. Hubbard Milling Co.*, 573 F.2d 1029, 1037 (8th Cir.1978). When, as here, plaintiff's counsel exhorts the jury in his summation to listen to the unsworn testimony concerning causality of an absent physician whose qualifications have not been explored and the equally improperly received testimony of an absent, but professed technical expert, witness concerning the design and function of unidentified computer keyboards, counsel is urging the jurors to participate in the violation of well-established and proper rules of evidence.

Because we cannot say with fair assurance that the judgment in Rotolo's favor was not substantially swayed by improperly admitted

evidence, we find it necessary to vacate the judgment and remand for retrial.

It is so ordered.