In the Matter of NEW YORK CITY ASBESTOS LITIGATION. ELAINE RONSINI, as Executrix of FRANK RONSINI, Deceased, Respondent-Appellant, v GARLOCK, INC., et al., Defendants, and WORTHINGTON CORPORATION et al., Appellants-Respondents. ARGENTINA CARDINAL, Individually and as Executrix of JOHN CARDINAL, Deceased, Respondent-Appellant, v GARLOCK, INC., et al., Defendants, and JOHN CRANE, INC., Appellant-Respondent. [683 NYS2d 39] —Judgments, Supreme Court, New York County (Karla Moskowitz, J.), entered September 8, 1997, to the extent appealed from, awarding the Ronsini plaintiff damages against Worthington Corporation and Atlas Turner, Inc., and awarding the Cardinal plaintiff damages against John Crane, Inc., and bringing up for review three separate orders, same court and Justice, entered on or about June 4, 1997, which, *inter alia*, denied defendants' motions to dismiss the complaints or, in the alternative, to set aside the verdicts and direct a new trial, unanimously affirmed, without costs. Appeals from the aforesaid orders unanimously dismissed, without costs, as subsumed in the appeals from the judgments. Plaintiffs' appeals unanimously dismissed, without costs, as abandoned.

In these consolidated actions to recover for mesothelioma caused by exposure to asbestos, viewing the evidence in the light most favorable to the prevailing plaintiffs (*Elkins v Ferencz*, 253 AD2d 601), we find that the evidence was sufficient for the jury to identify that defendant Worthington's product contained asbestos components that caused Mr. Ronsini's injury. There was evidence that the specifications for the Worthington component required that it supply enough replacement parts for there to be Worthington components still in use at the time of Mr. Ronsini's exposure, and it was reason-

able to infer that such parts had in fact been supplied and used. It is therefore unnecessary to reach this defendant's argument that it is not responsible for replacement parts manufactured or supplied by others. Nor was the jury's determination against the weight of the evidence (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

In the absence of any evidence of a conflict between State warning requirements and any Federal prescription of label information or proscription of a warning, there was no basis for Worthington's requested government contractor defense charge (*see, In re "Agent Orange" Prod. Liab. Litig.*, 996 F2d 1425, 1436, *cert denied sub nom. Hartman v Diamond Shamrock Chems. Co.*, 510 US 1140; *Russek v Unisys Corp.*, 921 F Supp 1277, 1292). Nor did this defendant carry its heavy burden of showing that the Navy's failure to warn Mr. Ronsini was so extraordinary and unforeseeable that it broke the chain of proximate causation (*see, Pagowski v Martinez*, 197 AD2d 400).

The determination that Atlas Turner components contributed to Mr. Ronsini's injury was based upon sufficient evidence and a fair interpretation of the evidence. In addition to Mr. Ronsini's testimony that he saw a 50 to 60 pound bag with the name "Atlas", he testified that Atlas's cement insulation was the only such product that he remembers being used on board the ship where he worked and another seaman testified to similar effect, thus distinguishing the instant situation from those in which the person identifying the product did not see an open bag of the subject product or know that its contents had actually been used (*cf., Cawein v Flintkote Co.*, 203 AD2d 105; *Diel v Flintkote Co.*, 204 AD2d 53; *see also, Matter of New York City Asbestos Litig.*, 212 AD2d 463). Assuming arguendo that the trial court erroneously excluded evidence tending to show the existence of similarly-named entities that may have produced asbestos components, any such error did not influence the verdict because this evidence would have been cumulative of testimony that Atlas Turner did not sell its insulating cement in this country and was prohibited by statute from doing so.

The jury determination that asbestos particles were released by Mr. Cardinal's work as a pipefitter also had a rational basis and was not against the weight of the evidence, inasmuch as the jury merely acted within its province in resolving conflicting testimony on this issue.

Admission of the testimony of the late-noticed expert witnesses was not an improvident exercise of discretion in view of the failure to show that the failure to identify them was either willful or prejudicial (*Flour City Architectural Metals v Sky-*

*Lift Corp.*, 242 AD2d 471). Nor was there any error in preclusion of the settling defendants' interrogatories (*see, State Univ. Constr. Fund v Kipphut & Neuman Co.*, 159 AD2d 1003).

The claimed verdict sheet error is unpreserved (*Vavosa v Stiles*, 220 AD2d 363, 364), and there was no evidence that the jury was confused by the charge on proximate cause (*cf., Aragon v A & L Refrig. Corp.*, 209 AD2d 268), which we find to have been adequate. The comments by plaintiff's counsel now complained of were either the subject of prompt and appropriate curative instructions (*see, Mena v New York City Tr. Auth.*, 238 AD2d 159, 160) or unpreserved (*see, Figueroa v Maternity Infant Care Family Planning Project*, 243 AD2d 424, *lv denied* 91 NY2d 807).

As to the challenge of defendant John Crane, Inc. to the apportionment of 30% liability against it, this defendant has not carried its burden of demonstrating the amounts of the equitable shares attributable to the settling defendants (*see, Bigelow v Acands, Inc.*, 196 AD2d 436; *Zalinka v Owens-Corning Fiberglass Corp.*, 221 AD2d 830, 831), and we decline to disturb the jury's determination as to this, and as to the other, apportionments. Under the circumstances, we find that none of the awards, as reduced by the trial court, deviate from what is reasonable compensation under the circumstances.

We have considered defendants' other contentions and find them to be unavailing. Concur—Lerner, P. J., Wallach, Tom and Andrias, JJ.