Linda **HAMILTON**, Individually and as Executrix of the Estate of George Hamilton, Plaintiff,

v.

**GARLOCK, INC.**, A C and S, INC., et al., Defendants.

No. 94 CIV. 4397(RWS).

United States District Court, S.D. New York.

May 18, 2000.

Levy Phillips & Konigsberg, New York City, Moshe Maimon, of counsel, for Plaintiff.

Barry, McTiernan & Moore, New York City, Roger P. McTiernan, of counsel, for Defendant Atlas Turner, Inc.

## OPINION

SWEET, District Judge.

The defendant Atlas Turner, Inc. ("Atlas Turner") has moved pursuant to Rules 50 and 59, Fed.R.Civ.P., to set aside the verdict rendered against it or for a new trial. Plaintiff Linda Hamilton, individually and as executrix of the estate of George Hamilton ("Hamilton") seeks certain discovery and the entry of judgment. For the reasons set forth below, the motion of Atlas Turner is denied, and the motions of Hamilton are granted.

### Prior Proceedings

This is the epilogue to a hard-fought litigation brought by Hamilton to recover damages against, among other defendants, Atlas Turner for his mesothelioma resulting from exposure to the asbestos products of defendants, including Atlas Turner. After a fourteen-day trial, the jury awarded damages of over $4 million for pain and suffering and for loss of parental care and guidance, and allocated fault as between the defendants. Judgment in the amount of $4,288,427.47 was entered on November 6, 1998.

Post trial the motion for dismissal by Atlas Turner was granted for lack of jurisdiction. *Hamilton v. Garlock, Inc.,* 31 F.Supp.2d 351 (S.D.N.Y.1998). On appeal by Hamilton, the Court of Appeals reversed that ruling, holding that Atlas Turner had waived its jurisdictional defense. *Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58 (2d Cir.1999).

Atlas Turner has renewed its Rule 50 and 59 motions and Hamilton seeks judgment and discovery in and of enforcement of any judgment to be rendered. The motions were deemed fully submitted on March 22, 2000.

### Discussion

#### I. The Verdict Will Not Be Set Aside

#### A. Standard Under Rule 50

The standards to be applied to motions under Rule 50 were set forth in the opin-

ions denying similar motions of other defendants John Crane, Inc., and Raymark Industries, Inc., and are applicable here. *See Caruolo v. AC and S, Inc.,* 1999 WL 147740, at *2 (S.D.N.Y. Mar.18, 1999); *In re Asbestos Litigation (Greff, et al.),* 986 F.Supp. 761, 765 (S.D.N.Y.1997). Simply stated, the evidence offered by Hamilton was sufficient to support the verdict against Atlas Turner.

### B. The Evidence Of Exposure Was Sufficient

■ The evidence of exposure to an asbestos product manufactured by Atlas Turner was sufficient. In his depositions, Hamilton specifically named Atlas Turner as one of the manufacturers of the asbestos products to which he was exposed. (Tr. 371–377). Moreover, his shipmate, Cliff Mann, testified that he worked with Hamilton aboard the U.S.S. John W. Weeks and that they used bags of asbestos with the name "Atlas" on them. (Tr. 1096–1010, 1023–1030). Frank Ronsini ("Ronsini") identified Atlas Turner as the manufacturer of the insulating cement used aboard the U.S.S. John W. Weeks. (Tr. 355–359). The evidence at trial established that Atlas Turner manufactured and sold three out of these four types of asbestos products—the pipe covering, block and cement, and its answers to interrogatories described its asbestos pipe covering block and cement products as "High Temperature Insulation" used for "Pipe and Boiler Insulation."

### II. A New Trial Is Not Required

### A. Standard Under Rule 59

The standards to be applied to motions under Rule 59 were set forth in the opinions denying similar motions of other de-

fendants, John Crane, Inc., and Raymark Industries, Inc. *See Caruolo,* 1999 WL 147740, at *2; *In re Asbestos Litigation (Greff, et al),* 986 F.Supp. at 765. In short, it cannot be said that "the jury reached a seriously erroneous result, or that the verdict is against the weight of the evidence, making its enforcement a miscarriage of justice." *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 370 (2d Cir.1988).

### B. A New Trial Is Not Warranted Based On The Evidentiary Rulings

Atlas Turner seeks a new trial on the basis of evidentiary rulings. Since the evidence at issue was properly admitted, a new trial is not required. The rulings in this action were consistent with those made in *In re New York Asbestos Litig. (Consorti, et al.),* 847 F.Supp. 1086 (S.D.N.Y.1994), *aff'd sub nom. Consorti v. Armstrong World Ind.,* 72 F.3d 1003 (2d Cir.1995), *vacated on other grounds sub nom. Consorti v. Owens–Corning Fiberglas Corp.,* 518 U.S. 1031, 116 S.Ct. 2576, 135 L.Ed.2d 1091 (1996). Contrary to Atlas Turner's contention, exclusion under Rule 403 of certain evidence was not warranted.

Evidence from the files of Johns–Manville and Raybestos Manhattan, and the admission of the deposition of Dr. Kenneth W. Smith ("Dr.Smith") was appropriate. The liability of Johns–Manville and Raybestos Manhattan was at issue, and the hearsay exceptions under Fed. R. of Evid. R. 804(b)(1), Fed.R.Evid. R. 803(6) and (16) were applicable. This evidence was also admissible as to the state of the art. *See Dartez v. Fibreboard,* 765 F.2d 456, 461 (5th Cir.1985); *George v. Celotex Corp.,* 914 F.2d 26 (2d Cir.1990); *Stern v. Waldbaum, Inc.,* 234 A.D.2d 534, 651 N.Y.S.2d 187 (1996).

The testimony of Ronsini was properly admitted.[1] Atlas Turner raised the issue

---

1. Ronsini obtained a verdict in his favor in the Supreme Court of the State of New York before the Honorable Karla Moskowitz against Atlas Turner. In her post-trial opin-

ion, Justice Moskowitz rejected the arguments that Atlas Turner has made here. (Justice Moskowitz Decision and Order dated May 20, 1997). The Appellate Division, First Depart-

of whether this defendant ever sold its asbestos cement in the United States. (Tr. 95–97). Ronsini's testimony was read in conjunction with the admission (over Hamilton's objection) of Atlas Turner's New York answers to interrogatories denying any sales into the United States of its asbestos cement. (Tr. 985–87, 1034–53). As such, the admission of Ronsini's testimony was proper as corroboration of Hamilton to establish that Atlas Turner's products were sold in the United States, and particularly for use aboard the U.S.S. Weeks.

■ With respect to the issue of notice, Atlas Turner's parent corporation, Turner & Newall, knew of the secret Saranac experiments conducted by Johns–Manville and Raybestos Manhattan, and received copies of the 1943 interim report showing cancer and warning that the TLV was unreliable. Atlas Turner's President, J.A. Smith, attended meetings of the Asbestos Textile Institute ("ATI") in the 1950's on behalf of Bell Asbestos Mines and given the fact that Dr. Smith testified that he and the officials at Johns–Manville told other members of the asbestos industry "the results of studies that we had made among out JM employees and the hazards of asbestos fiber and the incidence of disease production, and acted as unofficial consultants and advisors . . ." (Tr. pp. 420–21), it is reasonable to conclude that Atlas Turner "was at least inferentially put on notice." *Rotolo v. Digital Equip. Corp.,* 150 F.3d 223, 225 (2d Cir.1998).

Atlas Turner seeks to ascribe error to the admission of any document that it was not "copied" on. However, Atlas Turner had a duty to "stay abreast" of all emerging information concerning "damages in the product of which warning should be given to users." *Cover v. Cohen,* 61 N.Y.2d 261, 473 N.Y.S.2d 378, 461 N.E.2d 864, 871 (1984), and "should have known"

as a standard for liability. *Baker v. St. Agnes Hosp.,* 70 A.D.2d 400, 421 N.Y.S.2d 81, 85 (1979).

The documents admitted into evidence against Atlas Turner were not secret internal memos of any one company that were not shared with others in the industry, but properly admissible expressions of the state of the art. *See George v. Celotex Corp.,* 914 F.2d 26 (2d Cir.1990); *cf. Rotolo,* 150 F.3d 223.

■ Finally, the ruling excluding certain evidence which Atlas Turner sought to introduce was also correct. Atlas Turner sought to introduce evidence excluded by the Court that Portland cement was used at the Norfolk Naval Shipyard, that a company with the name "Atlas" in it received a trademark for Portland cement in 1905. The offer was properly denied as prejudicial and without foundation. As noted in the denial of Atlas Turner's summary judgment motion, the products referred to in the documents proffered by Atlas Turner are "not the asbestos-containing products that Hamilton identified on the Weeks." *Hamilton v. A C and S,* No. 94 Civ. 4397, 1998 WL 651049, at *5 (S.D.N.Y. Sept.23, 1998).

## C. *The Award Was Not Excessive*

■ A $5 million dollar verdict for pain and suffering in an asbestos case did not "deviate[ ] materially from what would be reasonable compensation." *Consorti v. Armstrong World Indus., Inc.,* 9 F.Supp.2d 307 (S.D.N.Y.1998). The instant verdict of over $4 million (rendered in 1998), when submitted to the same "totality of the circumstances approach," *id.* at 312, is certainly sustainable.

Consorti was 51 years old at death; Hamilton was 54. Consorti's period of suffering was 32 months, as was Hamilton's. Furthermore, and most significant-

ment affirmed Justice Moskowitz. *See Ronsini v. Garlock, Inc. (In re New York City Asbestos Litig.),* 256 A.D.2d 250, 683 N.Y.S.2d 39 (1998). Subsequently, the Appellate Division denied Atlas Turner's motion for reconsideration, and the New York Court of Appeals denied its motion for leave to appeal. *See* 93 N.Y.2d 818, 697 N.Y.S.2d 565, 719 N.E.2d 926 (1999).

ly, Hamilton was survived by a wife that was 32 years old and four dependent children under the age of seven—the youngest, David, being less than two years old when Hamilton died. Damages for the loss of parental care and guidance are compensable. *Garcia v. New York Health and Hospitals Corp.*, 230 A.D.2d 766, 646 N.Y.S.2d 694 (1996); *Milbrandt v. A.P. Green Refractories Co.*, 79 N.Y.2d 26, 580 N.Y.S.2d 147, 588 N.E.2d 45 (1992), *superseded by statute on other grounds as stated in Shue v. Red Creek Cent. School Dist.*, 177 Misc.2d 743, 676 N.Y.S.2d 742 (Sup.Ct.1998); *Gonzalez v. NYC Housing Authority*, 77 N.Y.2d 663, 569 N.Y.S.2d 915, 572 N.E.2d 598 (1991); *Kiker v. Nassau County*, 175 A.D.2d 99, 571 N.Y.S.2d 804 (1991); *Moore–McCormack Lines, Inc. v. Richardson*, 295 F.2d 583 (2d Cir.1961); *Rogow v. United States*, 173 F.Supp. 547 (S.D.N.Y.1959).

The record set forth fully the pain and suffering of Hamilton, and its effect on his wife and his children, and their loss of care and guidance. It would be difficult to imagine a more painful descent into death. Moreover, the suggestion of a dollar figure by counsel does not give rise to a requirement for a new trial. Counsel conceded that "what I say means nothing. It means absolutely nothing." (Tr. 2291), and a specific instruction was given to the jury in keeping with the Second Circuit's more recent pronouncements on the subject. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d Cir.1997).

### D. *The Evidence Was Sufficient For The Jury To Find That Atlas Turner Acted Recklessly And In Concert With Others*

The legal standards for reckless conduct and acting in concert with others set forth in *In re Asbestos Litig. (Greff et al.)*, 986 F.Supp. at 768–69, are applicable here.

██ Evidence was presented that Atlas Turner's corporate sibling, Keasbey & Mattison, joined with others to suppress scientific studies preformed in the 1940s which indicated the risks of asbestos.

There was also evidence that Atlas Asbestos, the defendant's corporate predecessor, was warned by Turner & Newall, the corporate parent of *inter alia* Atlas Asbestos and Keasbey & Mattison, as to the dangers posed by asbestos to workers. In addition, there was evidence presented that J.A. Smith attended an ATI meeting at which it was decided not to conduct proposed health studies in part because of the expected adverse publicity about asbestosis and cancer. This and other evidence provided sufficient support for the jury to find that Atlas Turner acted recklessly and in concern with others by selling its asbestos products without warnings even though it had knowledge that serious—and potentially deadly—harm was almost certain to follow and working with other members of its corporate family to suppress knowledge that could have saved workers such as Hamilton. *See In re Asbestos Litig. (Greff et al.)*, 986 F.Supp. at 768.

### III. *The Directed Verdict On Allocation Of Fault Was Appropriate*

By order of November 5, 1998, the Court set aside the jury's verdict regarding the issue of allocation of fault since Atlas Turner "failed in its burden to provide sufficient evidence from which the jury could allocate liability." Atlas Turner offered no evidence in this regard.

When a defendant fails to offer any proof that would allow a rational finder of fact to allocate among the joint tortfeasors, a directed verdict is proper. *In re Asbestos Litigation (Greff, et al.)*, 986 F.Supp. 761 (S.D.N.Y.1997).

Further, the November 5, 1998 order did not trespass on the province of the jury. *Slotkin v. Citizens Casualty Co.*, 614 F.2d 301 (2d Cir.), *cert. denied sub nom. McGrath v. Slotkin*, 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980); *Dextone Co. v. Building Trades Council of Westchester County*, 60 F.2d 47 (2d Cir.1932).

Reductions from a verdict contemplated by G.O.L. § 15–108 are not automatic.

First, it must be pled by the party seeking its benefits. *Whalen v. Kawasaki Motors Corp.*, 92 N.Y.2d 288, 680 N.Y.S.2d 435, 703 N.E.2d 246 (1998). Next, the defendant must bear the burden of establishing the equitable share of culpability attributable to each of the settling defendants. *Zalinka v. Owens–Corning Fiberglass Corp.*, 221 A.D.2d 830, 633 N.Y.S.2d 884 (1995); *Bigelow v. Acands, Inc.*, 196 A.D.2d 436, 601 N.Y.S.2d 478 (1993).

The failure of a defendant to establish the settling defendant's equitable shares, while not constituting a waiver to all relief under G.O.L. § 15–108, does constitute a waiver of its right to a reduction based upon the settling tortfeasor's equitable share of plaintiff's damages. *Whalen*, 680 N.Y.S.2d 435, 703 N.E.2d at 248; *Audrieth v. Parsons Sanitarium, Inc.*, 588 F.Supp. 1380, 1381 (S.D.N.Y.1984).

Since Atlas Turner "failed in its burden to provide sufficient evidence from which the jury could allocate liability," it was proper to set aside the jury's apportionment. *Gleich v. Volpe*, 32 N.Y.2d 517, 346 N.Y.S.2d 806, 300 N.E.2d 148 (1973); *cf. In re Asbestos Litig. (Greff et al.)*, 986 F.Supp. at 773–74.

### IV. *Discovery Will Proceed*

The sources and location of any assets of Atlas Turner in the United States are proper avenues of inquiry and are not shielded by the attorney-client privilege. The scheduled depositions will proceed at the convenience of counsel.

### *Conclusion*

The Atlas Turner motions for a directed verdict are denied, the motion of Hamilton to compel is granted.

Submit judgment on notice.

It is so ordered.