Linda HAMILTON, Individually and as Executrix of the Estate of George Hamilton, Plaintiff,

v.

GARLOCK, INC., et al., Defendants.

No. 94 Civ. 4397 RWS.

United States District Court,
S.D. New York.

Sept. 29, 2000.

438

Levy Phillips & Konigsberg, New York City (Moshe Maimon, of counsel), for plaintiff.

Barry, McTiernan & Moore, New York City (Suzanne M. Halbardier, of counsel), for defendant Atlas Turner, Inc.

Debevoise & Plimpton, New York City (Steve Vaccaro, of counsel), for defendant Fibreboard Corp.

*OPINION*

SWEET, District Judge.

Defendant Atlas Turner, Inc. ("Atlas Turner") has moved pursuant to Local Rule 6.3 for reconsideration and reargument of this Court's opinion dated May 18, 2000 (the "May 18 Opinion"). Defendant Fibreboard Corporation ("Fibreboard") seeks an order granting clarification or, in the alternative, reconsideration of that portion of the May 18 Opinion which reaffirmed the Court's November 5, 1998 order (the "November 5 Order") setting aside the jury's verdict regarding the allocation of fault.[1] The motions are opposed by plaintiff Linda Hamilton ("Hamilton"), individually and as executrix of the estate of George Hamilton.

For the reasons set forth below, the motion by Atlas Turner is denied, and the

---

**1.** Fibreboard refers to the May 18 Opinion as the "May 19 Judgment."

**2.** Atlas Turner neglected to submit a Notice of Motion with its motion papers on June 5,

motion by Fibreboard is denied in part and granted in part.

**Prior Proceedings**

The proceedings leading up to the May 18 Opinion are set forth therein, familiarity with which is presumed. *See Hamilton v. Garlock, Inc.*, 96 F.Supp.2d 352 (S.D.N.Y. 2000). In that opinion the Court denied Atlas Turner's motion to set aside the verdict rendered against it, pursuant to Federal Rule of Civil Procedure 50, or for a new trial, pursuant to Federal Rule of Civil Procedure 59. *See id.*

Atlas Turner's motion was filed on June 5, 2000, and submissions were received through July 19, 2000, at which time the matter was deemed fully submitted.[2] Fibreboard's motion was filed on June 5, 2000, and submissions were received through August 2, 2000, at which time the matter was deemed fully submitted.

**Discussion**

**I. *The Standard Under Local Rule 6.3***

█ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992).

█ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. In deciding a reconsideration and reargument motion, the court must not allow a

---

2000, but was granted an extension of time to do so until June 21, 2000, which Atlas Turner did on that same date, by order of this Court on July 14, 2000.

party to use the motion as a substitute for appealing from a final judgment. *See Morser v. A.T. & T Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986), *aff'd*, 827 F.2d 874 (2d Cir. 1987). Therefore, a party may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 116 (S.D.N.Y. 1991). The decision to grant or deny the motion is within the sound discretion of the district court. *See Schaffer v. Soros*, No. 92 Civ. 1233, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994).

### A. *Atlas Turner's Motion For Reconsideration*

■ The first ground upon which Atlas Turner seeks reconsideration is its contention that the Court did not address the Buy American Act, which Atlas Turner avers should have been charged to the jury. First, in its original motion, although Atlas Turner asserted as a fact that the Court did not instruct the jury on the Buy American Act, it did not assert that this was in error or set forth any basis for such an argument. For example, although Atlas Turner now contends that, in light of the Buy American Act, the Court should conclude as a matter of law that Atlas Turner's products could not have been approved or used at a federal shipyard, the Rule 50 portion of its earlier motion nowhere mentioned the Buy American Act.[3] Therefore, there is no controlling matter or authority put before the Court which has been overlooked, and denial of this portion of the motion for reconsideration is warranted on this ground alone. Second, Atlas Turner's Buy Ameri-

can Act argument in substance simply reiterates the contentions it made in its earlier motion regarding the Court's evidentiary rulings at trial[4] and the sufficiency of the evidence. The Court considered and rejected these contentions in its May 18 Opinion.

■ The second ground upon which Atlas Turner seeks reconsideration is its contention that the Court improperly set aside the jury's allocation of fault in its order of November 5, 1998.[5] Atlas Turner fails to identify a controlling matter or authority put before the Court which was overlooked in the May 18 Opinion. On the contrary, the authority to which Atlas Turner points, *In re Asbestos Litigation (Greff, et al)*, 986 F.Supp. 761 (S.D.N.Y.1997), was considered and relied upon both in the November 5 Order and in the May 18 Opinion. Atlas Turner also reiterates its arguments regarding the burden of proof, which arguments were considered and rejected by the Court in reaching the May 18 Opinion. In sum, Atlas Turner is not entitled to reconsideration on either of the grounds asserted herein.

### B. *Fibreboard's Motion For Clarification Or Reconsideration*

Fibreboard seeks a clarification that the May 18 Opinion and November 5 Order left intact the jury's finding as to Fibreboard's liability. In the alternative, Fibreboard contends that, if the May 18 Opinion did set aside the jury's finding as to Fibreboard, then that ruling should be reconsidered because it was not notified of the post-trial motion practice regarding Atlas Turner's motion under Rules 50 and 59, nor served with the relevant papers, in contravention of Federal Rule of Civil Procedure 5(a).[6]

---

**3.** Although Atlas Turner fails to identify whether it is addressing the Court's decision under Rule 50 or under Rule 59, since Atlas Turner asserts that the Buy American Act entitles it to a judgment in its favor as a matter of law, it is necessarily addressing this aspect of its motion to Rule 50.

**4.** This aspect of Atlas Turner's motion appears to be addressed to Rule 59, despite its

conclusion that the Buy American Act entitles it to judgment as a matter of law.

**5.** This order is referred to erroneously by Atlas Turner as the November 9, 1998 order.

**6.** Fibreboard was served with an amended complaint naming it as a defendant in the instant case on February 7, 2000, which was shortly before Atlas Turner renewed its Rule

Hamilton does not dispute that both it and Atlas Turner failed to comply with Rule 5(a) and, unfortunately, this fact escaped the attention of this Court. Although ordinarily clarification would not be warranted because both the November 5 Order and the May 18 Opinion are clear and unambiguous, under the circumstances it will be granted.

At the 1998 trial in this action, Fibreboard was among fifteen companies listed on the special verdict form and regarding each of which the jury was asked to find whether it was negligent or strictly liable. The jury's finding as to Fibreboard was made in this context. The jury also made findings allocating liability as among Atlas Turner and seven other companies, of which Fibreboard was not one. In her original post-trial motion, Hamilton moved to set aside only the jury's allocation of liability. Thus, neither the November 5 Order granting Hamilton's motion nor the reaffirmation of that order in the May 18 Opinion concerned the liability portion of the verdict or the jury's finding as to Fibreboard.[7]

With respect to Fibreboard's motion in the alternative for reconsideration, Fibreboard contends that the wrong legal standard was applied in rendering the November 5 Order and affirming that order in the May 18 Opinion. It is not necessary to reach this argument because the May 18 Opinion has now been clarified with respect to Fibreboard, as requested.[8]

### Conclusion

Therefore, for the reasons set forth above, the motion by Atlas Turner is de-

nied and the motion by Fibreboard is denied in part and granted in part.

It is so ordered.

---

50 and 59 motion. Rule 5(a) provides *inter alia* that every written motion other than one which may be heard *ex parte* shall be served upon each of the parties to an action. *See* Fed.R.Civ.P. 5(a).

7. Although Fibreboard has not made a collateral estoppel motion, both it and Hamilton make reference to Fibreboard's position that the 1998 jury verdict estops Hamilton and Atlas Turner from relitigating Fibreboard's liability. As no motion has been made regarding the collateral estoppel question, no opinion regarding that issue is expressed herein.

8. Fibreboard insists in its reply brief that the Court must reach both aspects of its motion, contrary to the position taken in its moving papers, asserting that it seeks "not only to clarify that the jury's liability findings remain intact, but also to preserve *any* of the jury's findings that could form the basis for a collateral estoppel." However, Fibreboard fails to identify any findings which it seeks to preserve by way of its motion for reconsideration other than the finding previously discussed in relation to its motion for clarification.