10-1809-cv
Farganis *v. Town of Montgomery*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:    GUIDO CALABRESI
            DEBRA ANN LIVINGSTON
                        *Circuit Judges*,
            PAUL A. CROTTY
                        *District Judge.*[*]

------

PEGGY FARGANIS,
            *Plaintiff-Appellant*,

-v.-                                        No. 10-1809-cv

TOWN OF MONTGOMERY,
            *Defendant-Appellee.*

------

                        STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New
                        York, *for Plaintiff-Appellant*.

                        PAUL E. SVENSSON, Hodges Walsh & Slater, LLP, White Plains,
                        New York, *for Defendant-Appellee*.

------

[*]The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Peggy Farganis ("Farganis") appeals from a judgment entered January 26, 2010 in the United States District Court for the Southern District of New York (Yanthis, *M.J.*), following a jury trial, in favor of Defendant-Appellee Town of Montgomery, as to Farganis's claim of discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*, as well as the district court's order denying her post-judgment motion for a new trial pursuant to Federal Rule of Civil Procedure 59. On appeal, Farganis advances two claims of error. First, she asserts that the district court erred in precluding testimony regarding two telephone calls purportedly made to her husband by an unidentified Town of Montgomery police officer, offered as vicarious admissions under Federal Rule of Evidence 801(d)(2)(D). Second, Farganis asserts that the district court erred in admitting evidence of her thirteen year-old misdemeanor conviction for petit larceny, under Federal Rule of Evidence 609(b). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review evidentiary rulings under a deferential abuse of discretion standard and give district judges 'wide latitude in determining whether evidence is admissible at trial.'" *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001) (quoting *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000)). Federal Rule of Evidence 801(d)(2)(D) provides in relevant part that "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." A party seeking to introduce a vicarious admission under this rule must establish "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). While this

foundational predicate "may be established by circumstantial evidence," *id.* at 538, the statements themselves are not alone sufficient. *See* Fed. R. Evid. 801(d)(2) ("The contents of the statement shall be considered but are not alone sufficient to establish the . . . agency or employment relationship and scope thereof . . . .").

While we have noted that "admissibility under this rule should be granted freely," *Pappas*, 963 F.2d at 537, Farganis presented little evidence to establish the foundational predicate required for admission of the vicarious admissions at issue in this case. The identity of the declarant, for example, was not ascertained. Though not dispositive, *see id.* at 539, the lack of evidence as to the caller's identity, without more, weighs against a finding that Farganis has presented an adequate foundation. *Cf. Zaken v. Boerer*, 964 F.2d 1319, 1324 (2d Cir. 1992) ("[W]ithout identification of the declarant, the statement . . . did not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)."). In fact, the only circumstantial evidence presented by Farganis to establish the requisite foundation, beyond the contents of the statements themselves, was testimony indicating that her cellular phone had been confiscated by the police. J.A. 137. As the district court noted, however, Farganis proffered no evidence as to "which police officer had confiscated [her] cell phone, the chain of custody of the cell phone, or how much time passed between the time it was confiscated and the time of the alleged phone calls." SPA 6 (Memorandum and Order, Apr. 29, 2010). Accordingly, we cannot conclude that the district court abused its discretion in precluding the admission of testimony regarding the purported phone calls to Farganis's husband.

Next, Farganis claims that the district court erred in admitting evidence of her thirteen year-old misdemeanor conviction for petit larceny, based on the falsification of records of her employer for the purpose of obtaining improper refunds. Federal Rule of Evidence 609(a)(2) directs that

3

"evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." This categorical approach is qualified, however, by Rule 609(b), which provides that evidence of a conviction over ten years old is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

We have repeatedly "recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (internal quotation marks omitted). Accordingly, where a party seeks to admit evidence of a conviction that is more than ten years old, "[a] determination that the probative value of the conviction substantially outweighs its prejudicial effect must be made on-the-record and based on specific facts and circumstances." *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998); *see also United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978) ("We . . . adopt the view that when convictions more than ten years old are sought to be introduced . . . the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect.").

There is some merit to Farganis's contention that the district court may have failed to conduct an appropriate on-the-record balancing to determine that the probative value of her prior conviction substantially outweighed its potential prejudicial effect. After a brief colloquy regarding Farganis's motion *in limine*, at which defense counsel argued that the prior conviction was probative on the issue of credibility, the court ruled:

4

[W]hen you're dealing with a conviction that goes to false statement or anything that would impeach credibility, even if it's beyond that 10 years, as long as it's been noticed here . . . . I will allow it to be asked whether or not plaintiff did plead guilty to a charge that involved false statements or anything in the nature of dishonesty.

J.A. 83-84. In its post-judgment order denying Farganis's motion for a new trial, the district court did note Rule 609(b)'s requirement that the probative value of the conviction *substantially* outweigh its prejudicial effect, but addressed the issue with similar brevity, stating only that "[a]lthough plaintiff was convicted in 1996 . . . she pled guilty to a crime which clearly involved an act of dishonesty or false statement," and "in this [c]ourt's view, the probative value of the conviction clearly outweighed its prejudicial effect." SPA 7 (Memorandum and Order, Apr. 29, 2010). Even assuming, however, that the district court's explanation for admitting the conviction here fell short of the requisite "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweigh[ed] its prejudicial effect," *Zinman*, 983 F.2d at 434 (quoting *Mahler*, 579 F.2d at 736), we conclude that any error was harmless. *See* Fed. R. Civ. P. 61. "[A]n evidentiary error in a civil case is harmless unless the *appellant* demonstrates that it is likely that in some material respect the factfinder's judgment was swayed by the error." *Tesser v. Bd. of Educ. of City Sch. Dist. of City of New York*, 370 F.3d 314, 319 (2d Cir. 2004) (internal quotation marks and alterations omitted) (emphasis added). Accordingly, it is necessary to determine whether Farganis has adequately demonstrated that the admission of her prior conviction "substantially swayed" the jury's verdict. *See Rotolo v. Digital Equip. Corp.*, 150 F.3d 223, 225 (2d Cir. 1998) (internal quotations omitted).

The harmless error determination is "highly sensitive to the unique context of the particular case, including the one-sided or closely-balanced nature of the evidence." *Malek v. Fed. Ins. Co.*,

5

994 F.2d 49, 55 (2d Cir. 1993) (internal quotations omitted). Here, Farganis presented little evidence, aside from her own testimony, that she had been discriminated against by Town of Montgomery police officers, while multiple witnesses testified that the alleged conduct about which she complained, including Sergeant Barnett's supposed tirade, did not occur. Further, "[o]ne indicator of the evidence's degree of importance is whether or not [it] bears on an issue that is plainly critical to the jury's decision." *Hynes v. Coughlin*, 79 F.3d 285, 291 (2d Cir. 1996). The very nature of the conviction at issue—occurring thirteen years prior for a petty misdemeanor offense—renders it unlikely to have substantially swayed the jury's determination, particularly in light of the overriding absence of evidence in support of Farganis's claim. In order to find that erroneously admitted evidence was harmless, "we are not required to conclude that it could not have had any effect whatever." *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992). Instead, it is sufficient if the evidence at issue was "unimportant" relative to "everything else the jury considered on the issue in question." *Id.* (quoting *Yates v. Evatt*, 500 U.S. 391, 403 (1991)). On our review of the record, we "can conclude with fair assurance that the evidence did not substantially influence the jury." *Id.* Accordingly, Farganis has failed to carry her burden of demonstrating that the district court's admission of her prior conviction was not harmless.

We have considered all of Farganis's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk